Benjamin Galdston, SBN 211114
bgaldston@bm.net
BERGER MONTAGUE PC
12544 High Bluff Drive, Suite 340
San Diego, CA 92130
Tel: 619.489.0300; Fax: 215.875.4604

Joseph C. Hashmall (*pro hac vice* forthcoming)
jhashmall@bm.net
BERGER MONTAGUE PC
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Tel: 612.594.5999; Fax: 612.584.4470

Edward Y. Kroub (*pro hac vice* forthcoming)
Moshe O. Boroosan (*pro hac vice* forthcoming)
COHEN & MIZRAHI LLP
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Tel: 929.575-4175; Fax: 929.575-4195

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA FIGUEROA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HIRERIGHT, LLC,<br><br>Defendant. | Case No. 8:20-cv-721<br><br>**COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)**<br><br><u>**CLASS ACTION**</u> |

Plaintiff Brenda Figueroa ("Plaintiff"), by and through her attorneys, brings the following Complaint against HireRight, LLC ("HireRight" or "Defendant").

## INTRODUCTION

1. Recognizing that the content of consumer reports can have a significant impact on people's lives, Congress has chosen to regulate the procurement, use, and content of those reports through the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

2. Plaintiff seeks to hold Defendant accountable for its willful and systemic violations of the FCRA.

3. Defendant has willfully violated the FCRA by inaccurately reporting that Plaintiff's Social Security Number ("SSN") was not her own. This misreporting caused Plaintiff to lose a job opportunity.

4. Adding insult to injury, Defendant then refused to correct the report after Plaintiff disputed the inaccuracy.

## THE PARTIES

5. Plaintiff Brenda Figueroa is an individual person and a resident of Pasadena, Texas.

6. Defendant HireRight, LLC, provides consumer reports for employment purposes. Defendant's principal place of business and headquarters is in Irvine, California.

7. Among other things, Defendant provides background checks to employers. Employers use these reports to make important decisions, such as whether to hire, terminate, or promote the consumers who are the subjects of the reports.

8. Defendant is a "person" and "consumer reporting agency" as defined by 15 U.S.C. § 1681a(b).

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

10. Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over the FCRA claims in this matter, as they present a federal question.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Defendant resides in this District, and witnesses and documents relevant to this matter are located in this District.

## STATUTORY BACKGROUND

12. Enacted in 1970, the FCRA's passage was driven in part by two related concerns: first, that consumer reports were playing a central role in people's lives at crucial moments, such as when they applied for employment or housing. Second, despite their importance, consumer reports were unregulated and had widespread errors and inaccuracies.

13. While recognizing that consumer reports play an important role in the economy, Congress wanted consumer reports to be "fair and equitable to the consumer" and to ensure "the confidentiality, accuracy, relevancy, and proper utilization" of consumer reports. 15 U.S.C. § 1681.

14. 15 U.S.C. § 1681e(b) requires consumer reporting agencies to follow reasonable procedures to ensure the maximum possible accuracy of the information they report. As discussed below, Defendant routinely violates the FCRA by failing to follow reasonable procedures to ensure the maximum possible accuracy of the information it reports.

15. The FCRA also requires CRAs to conduct a reasonable reinvestigation of consumer disputes. 15 U.S.C. § 1681i(a). Defendant failed to do so here, keeping the erroneous information on Plaintiff's report even after her dispute.

## HIRERIGHT'S ILLEGAL BUSINESS PRACTICES

16. Defendant is a consumer reporting agency within the meaning of the FCRA.

17. For monetary fees, Defendant engages in the practice of assembling information on consumers for the purpose of furnishing consumer reports to third parties.

18. Defendant violates the FCRA by failing to use reasonable procedures to ensure the maximum possible accuracy of its reports, reporting erroneous information about SSN issue dates and validity.

19. If Defendant is going to report information about SSNs, it has a legal obligation use reasonable procedures to ensure maximum possible accuracy.

20. Instead of using reasonable procedures, however, Defendant places its business interests above the rights of consumers and unlawfully reports SSN information without proper validation or quality control.

21. Defendant also fails to adequately reinvestigate consumer disputes related to SSN information. The FCRA requires real investigations of consumer disputes. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997) ("The 'grave responsibilit[y]' imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources. Therefore, a 'reinvestigation' that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute."); *Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1230–31 (D. N.M. 2006) (noting that credit reporting agencies may not rely on automated procedures that make only superficial inquiries once the consumer has notified it that information is disputed); *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008). With respect to SSN information, Defendant fails this obligation.

# ALLEGATIONS RELATING TO PLAINTIFF

22. In August 2019, Plaintiff applied for employment with non-party Avance Houston, Inc. ("Avance"). The interview process went well, and Plaintiff was offered a position.

23. In conjunction with Plaintiff's new hire paperwork, Avance purchased a background check from Defendant. A copy of Defendant's report about Plaintiff, dated October 18, 2019, is attached as Exhibit A.

24. Defendant correctly reported that Plaintiff had no criminal background. However, Defendant also reported that Plaintiff's SSN was issued prior to her date of birth. Ex. A at 1, 5. Specifically, Defendant reported that Plaintiff's SSN was issued in the Virgin Islands before 1951. *Id*. at 5.

25. This reporting was and is incorrect. Plaintiff's SSN was issued to her after she was born in 1957.

26. Plaintiff promptly disputed the results of her report, but Defendant failed to correct the report. *Id*. at 5.

27. Defendant's erroneous reporting, and subsequent failure to correct it, caused Plaintiff to lose the job opportunity with Avance. Part of the SSN validation process includes a date of birth scan, a process which requires the CRA to compare the subject's date of birth to the SSN's date of issue to ensure that the number was issued after the subject was born. If the date of issue precedes the date of birth of the subject, it may be a red flag that the SSN does not belong to that individual, and that the individual presenting the suspicious SSN may be engaged in identity theft or violation of federal immigration laws. Faced with these concerns, Avance chose not to hire Plaintiff.

28. Plaintiff subsequently requested a copy of her file from Defendant, pursuant to 15 U.S.C. § 1681g. Defendant's response identified a third-party vendor, TracersInfo.com, as the source of the SSN information on the report.

29. TracersInfo.com redirects to the website of a data broker called Tracers. Tracers' website makes clear that:

> Tracers is not a "Consumer Reporting Agency" as is defined in the Fair Credit Reporting Act ("FCRA") and its services do not constitute a "Consumer Report" as defined in the FCRA. Accordingly, the services may not be used as a factor in determining eligibility for credit, insurance, employment or another purpose in which a consumer report may be used under the FCRA. **Nor can data be included, in whole or in part, in any Consumer Report.**

https://www.tracers.com/ (last visited Feb. 19, 2020) (emphasis added).

30. Discovery will show that despite Tracers' explicit warning that its data should not be used for employment decisions, and despite Tracers not warranting the accuracy of its information, Defendant reproduced information wholesale from the Tracers report and included it on a report it knew would be used to make employment decisions.

31. Defendant did not independently verify the accuracy of the information in its report regarding the date on which Plaintiff's SSN was issued.

32. Publicly available documents from the SSA demonstrate that Plaintiff's SSN was issued in a way that is consistent with her date of birth. Specifically, publicly available documents show where Plaintiffs' SSN was issued. *See* Social Security Number Allocations, available at https://www.ssa.gov/employer/stateweb.htm (last visited Feb. 21, 2020). Those documents also explain *when* her social security number was issued. *See* Acquisti and Gross, *Predicting Social Security numbers from public data*, Proceedings of the National Academy of Sciences, July 7, 2009, available at https://www.pnas.org/content/106/27/10975 (last visited Feb. 21, 2020).

33. Reproducing erroneous data from a data broker, despite explicit admonitions not to do so, and in the face of easily available public information rebutting the claims asserted about the date on which the subject of the report's SSN

was issued, demonstrates a willful failure to follow reasonable procedures to ensure maximum possible accuracy.

## CLASS ACTION ALLEGATIONS

34. Plaintiff asserts her claim on behalf of the Class defined as follows:

> All persons who were the subject of a background report prepared by Defendant which falsely indicated that their SSN was issued prior to their birth date or otherwise did not belong to them from two years prior to the filing of this Complaint through the date of final judgment in this action.

35. Plaintiff also asserts claims on behalf of the Subclass defined as follows:

> All members of the Class who filed disputes with Defendant regarding the results of their SSN Validation and whose disputes were not resolved in their favor.

36. <u>Numerosity</u>: The Class is so numerous that joinder of all class members is impracticable. Defendant regularly furnishes consumer reports for employment, and given the volume of Defendant's business, thousands of consumers satisfy the definition of the Class.

37. <u>Commonality</u>: Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members, including but not limited to:

a) Whether Defendant furnishes consumer reports for employment purposes containing inaccurate SSN information;

b) Whether Defendant devised and implemented reasonable procedures to assure maximum possible accuracy of the SSN-related information contained in the consumer reports it issues;

c) Whether Defendant violated the FCRA by reporting erroneous SSN information;

d) Whether Defendant conducts reasonable reinvestigation of SSN-related disputes;

e) Whether Defendant's violations were willful;

    f) The proper measure of statutory damages; and

    g) The proper measure of punitive damages.

  38. <u>Typicality</u>: Plaintiff's claims are typical of the members of the Class. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members, and Defendant treated Plaintiff consistent with other class members, in accordance with its standard policies and practices.

  39. <u>Adequacy</u>: Plaintiff is a member of the Class and will fairly and adequately protect the interests of the Class, and has retained counsel experienced in complex class action litigation generally, and in FCRA litigation in particular.

  40. <u>Ascertainability</u>: The Class can be identified. Defendant maintains copies of consumer reports for at least two years after they are provided to end-users. The reports are maintained in text which can be electronically and/or manually searched to identify class members.

  41. Class certification is appropriate under Rule 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class members' claims in a single forum.

  42. Plaintiff intends to send notice to all members of the Class to the extent required by Rule 23. The names and addresses of the Class members are available from Defendant's records.

# COUNT I
## 15 U.S.C. § 1681e(b)
### Asserted by Plaintiff on behalf of herself and the Class and Subclass

43. Defendant failed to comply with 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of its reports, and to avoid reporting misinformation regarding the validity and issue dates of SSNs.

44. The foregoing violations were negligent.

45. The foregoing violations were willful.

46. Defendant acted in negligent, deliberate, and reckless disregard of its obligations and the rights of Plaintiff and the Class under 15 U.S.C. § 1681e(b). Defendant's negligent and willful conduct is reflected by, *inter alia*, the following:

   a. Defendant takes no action to determine if the information it is reporting regarding SSNs is accurate;

   b. Defendant reports information received from its vendor without verification despite admonishments from the vendor not to do so;

   c. The FCRA was enacted in 1970; Defendant has had over 40 years to become compliant;

   d. Defendant's conduct is inconsistent with the Federal Trade Commission's ("FTC") longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

   e. Defendant knew or had reason to know that Defendant's conduct violated the FCRA; and

   f. By failing to adopt reasonable procedures, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

47. Defendant's conduct caused Plaintiff to lose a job opportunity, causing economic harm.

48. Plaintiff and the Class are entitled to actual damages, and statutory damages of not less than $100 and not more than $1,000 per violation. Plaintiff is also entitled to punitive damages and to recover costs and attorneys' fees.

## COUNT II
## 15 U.S.C. § 1681i
## On behalf of Plaintiff and the Subclass

49. Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

50. Defendant violated 15 U.S.C. § 1681i(a) by failing to conduct a reasonable reinvestigation into Plaintiff's dispute of the inaccurate information on Defendant's report. A reasonable reinvestigation would have corrected the error.

51. The foregoing violation was willful. Defendant acted in knowing or reckless disregard of its obligations and the rights of Plaintiff under 15 U.S.C. § 1681i.

52. Plaintiff and the Subclass are entitled to actual damages, and statutory damages of not less than $100 and not more than $1,000 per violation. Plaintiff is also entitled to punitive damages and to recover costs and attorneys' fees.

## PRAYER FOR RELIEF

53. WHEREFORE, Plaintiff prays for relief as follows:

    a. Declaring that Defendant violated the Fair Credit Reporting Act;

    b. Certifying the Class and the Subclass;

    c. Declaring that Defendant acted willfully, in knowing or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

    d. Awarding actual and statutory and punitive damages;

    e. Awarding reasonable attorneys' fees and costs; and

    f. Granting such other and further relief, in law or equity, as this Court may deem appropriate and just.

## **DEMAND FOR JURY TRIAL**

89. Plaintiff demands a trial by jury.

Respectfully submitted,

Dated: April 10, 2020

*/s/ Benjamin Galdston*
Benjamin Galdston (SBN 211114)
bgaldston@bm.net
BERGER MONTAGUE PC
12544 High Bluff Drive, Suite 340
San Diego, CA 92130
Tel: 619.489.0300; Fax: 215.875.4604

Joseph C. Hashmall (*pro hac vice* forthcoming)
jhashmall@bm.net
BERGER MONTAGUE PC
43 SE Main St, Suite 505
Minneapolis, MN 55414
Tel: 612.594.5999; Fax: 612.584.4470

Edward Y. Kroub (*pro hac vice* forthcoming)
Moshe O. Boroosan (*pro hac vice* forthcoming)
COHEN & MIZRAHI LLP
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Tel: 929.575-4175; Fax: 929.575-4195

*Attorneys for Plaintiff Brenda Figueroa*

11