IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| BRENDA FIGUEROA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HIRERIGHT, LLC,<br><br>Defendant. | Case No. 8:20-cv-00721-DOC-DFM<br><br>**<u>CLASS ACTION</u>**<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Hon. David O. Carter<br><br>[Discovery Document: Referred to Magistrate Judge Douglas F. McCormick] |

IT IS HEREBY STIPULATED by and between Plaintiff Brenda Figueroa ("Plaintiff") and Defendant HireRight, LLC ("HireRight"), through their respective attorneys of record, as follows:

WHEREAS, documents and information, including but not limited to HireRight's policies and procedures, consumer credit reports and disclosures, and tax returns, as well as information implicating HireRight's confidential and/or proprietary research and development, have been or may be sought or produced by the parties to this action, as well as documents and information relating to trade secrets, confidential research, development, technology, or other proprietary information belonging to HireRight or third parties; and/or personal income, credit, and other confidential information of Plaintiff.

**GOOD CAUSE STATEMENT**

WHEREAS, the litigation involves both parties' confidential information. Specifically, with respect to Plaintiff, discovery may involve production of documents containing personal information, such as background checks, credit reports, and Social Security documentation. And with respect to Defendant, discovery may seek information that pertains to the Company's proprietary policies and procedures; confidential research and development; and non-public financial data and consumer reports and disclosures that contain personal confidential information. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of potential discovery disputes, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling, and disclosure of all documents, testimony, or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."[1]

3. To the extent any motions, briefs, pleadings, deposition transcripts, or

---

[1] To ensure that non-parties are informed of their ability to designate materials as "Confidential," a copy of this Order shall be served along with any subpoena or other third-party discovery in this litigation.

other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Any party filing any document under seal must comply with the requirements of Civil Local Rule 79-5. In the event that a party seeks to file under seal a document designated as confidential by the other party, the designating party must comply with the requirements of Civil Local Rule 79-5.2.2(b).

4. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential," shall not be used, directly or indirectly, by any person, for any business, commercial, or competitive purposes, or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

5. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript, or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects, or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e)

present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

6. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 5(f) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

7. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information, or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

8. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

9. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

10. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries, or compilations taken therefrom, but

excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party or deleted/destroyed, and if destroyed, written confirmation of destruction shall be provided to the Producing Party.

11. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis in accordance with Civil Local Rule 37-1. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order.

12. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts, and materials afforded confidential treatment pursuant to this Order.

13. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

Dated: July 23, 2020                  Respectfully submitted,

By: */s/ Benjamin Galdston*

Benjamin Galdston (SBN 211114)
bgaldston@bm.net
BERGER MONTAGUE PC
12544 High Bluff Drive, Suite 340
San Diego, CA 92130
Tel: 619.489.0300; Fax: 215.875.4604

Joseph C. Hashmall (*Pro Hac Vice*)
jhashmall@bm.net
BERGER MONTAGUE PC
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Tel: 612.594.5999; Fax: 612.584.4470

Edward Y. Kroub (*Pro Hac Vice*)
edward@cml.legal
COHEN & MIZRAHI LLP
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Tel: 929.575.4175; Fax: 929.575.4195

Dated: July 23, 2020    Respectfully submitted,

/s/ Jessica Lohr

Jessica Lohr
CA Bar No. 302348
TROUTMAN PEPPER HAMILTON SANDERS
5 Park Plaza, Suite 1400
Irvine, CA 92614
Tel: 858-509-6000
Fax: 858-509-6040
jessica.lohr@troutman.com

Cindy D. Hanson
Admitted *pro hac vice*
TROUTMAN PEPPER HAMILTON SANDERS
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308
Telephone: 404-885-3830
cindy.hanson@troutman.com

*Counsel for Defendant HireRight, LLC*

## SIGNATURE CERTIFICATION

Pursuant to Rule 5-4.3.4(a)(2)(i) of the Local Rules, I hereby certify that all signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

DATED: July 23, 2020    */s/Benjamin Galdston*
Benjamin Galdston

**IT IS SO ORDERED.**

Dated: July 27, 2020_____

_____
Hon. Douglas F. McCormick
United States Magistrate Judge

**EXHIBIT A**

**DECLARATION OF COMPLIANCE**

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4 I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this ____ day of _____, 20__ at _____.

_____
QUALIFIED PERSON